UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF FLORIDA

TAMPA DIVISION

MICK ROCHER, Plaintiff,

v.        CASE NO: _____

U.S. DEPARTMENT OF JUSTICE, and

DEFENSE COUNTERINTELLIGENCE AND

SECURITY AGENCY (DCSA),

Defendants.

8:26-cv-836-SDM-LSG

MAR 26 2026 PM 1:33
FILED - USDC - FLMD - TPA

## COMPLAINT FOR INJUNCTIVE RELIEF

### I. JURISDICTION AND VENUE

1. This is an action under the Freedom of Information Act (FOIA), **5 U.S.C. § 552**, and the Privacy Act, **5 U.S.C. § 552a**, to order the production of agency records improperly withheld from the Plaintiff.
2. This Court has jurisdiction over this action pursuant to **5 U.S.C. § 552(a)(4)(B)** and **5 U.S.C. § 552a(g)(1)(B)**.
3. Venue is proper in this district pursuant to **5 U.S.C. § 552(a)(4)(B)** because the Plaintiff resides in New Port Richey, Florida.

### II. PARTIES

4. Plaintiff, Mick Rocher, is an individual residing in New Port Richey, Florida.

5. Defendant, U.S. Department of Justice (DOJ), is a Department of the Executive Branch of the United States Government and is an "agency" within the meaning of 5 U.S.C. § 552(f).

6. Defendant, Defense Counterintelligence and Security Agency (DCSA), is a component of the Department of Defense and is an "agency" within the meaning of 5 U.S.C. § 552(f).

### III. STATEMENT OF FACTS

7. On June 17, 2025, Plaintiff received an interim response regarding a FOIA/Privacy Act request for all records pertaining to his background investigation (including SF86, investigation summaries, and adjudication records).



8. On August 25, 2025, DCSA issued a final response to **Request No. DCSA-B 25-11871**, withholding information on behalf of the FBI under **Privacy Act Exemption (j)(2)** and **FOIA Exemption (b)(7)(E)**.

9. On August 26, 2025, Plaintiff timely filed an administrative appeal with the DOJ Office of Information Policy (OIP).

10. On September 9, 2025, the DOJ OIP issued a final decision on **Appeal No. A-2025-02528**, affirming the withholdings.

11. Plaintiff has exhausted all administrative remedies and now seeks judicial review.

## IV. CAUSE OF ACTION

12. Defendants have improperly withheld records from the Plaintiff in violation of 5 U.S.C. § 552 and 5 U.S.C. § 552a.

13. The administrative background records sought do not meet the criteria for "law enforcement techniques" under Exemption (b)(7)(E).

## V. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

1. Order Defendants to conduct a *de novo* review and produce all responsive records improperly withheld.
2. Order Defendants to provide a "Vaughn Index" justifying each specific withholding.
3. Award the Plaintiff the costs of this litigation and any other relief the Court deems just.

Respectfully submitted,

_____     Date: _____, 2026

**Mick Rocher, Pro Se**

8825 Lazy River Loop Apt 4-310

New Port Richey, Florida 34655

rmick0540@gmail.com

*pro se*



**DEFENSE COUNTERINTELLIGENCE AND SECURITY AGENCY**
OFFICE OF PRIVACY, CIVIL LIBERTIES, AND FREEDOM OF INFORMATION
1137 BRANCHTON ROAD
BOYERS, PA 16018-0618

August 25, 2025

Mick Rocher
P.O. Box 6837
Spring Hill, Florida 34611

Dear Mr. Rocher:

This is in further reference to your request for a copy of all records pertaining to your background investigation maintained by DCSA including but not limited to SF86, investigation summaries, adjudication records, and any other documents associated with your security clearance or background investigation. We sent you an interim response on June 17, 2025.

You submitted your request to the DCSA Freedom of Information/Privacy (FOI/P) Office for Investigations. Adjudication and clearance records are not maintained as part of your investigative file and are under the purview of the DCSA FOI/P Office for Adjudications. We forwarded your request to that office for their review and response to you. You may refer to their website for additional information: https://www.dcsa.mil/contact/foia/rar/.

We reviewed the enclosed documents pursuant to the Freedom of Information Act (FOIA) and the Privacy Act of 1974, as amended.

On behalf of the Federal Bureau of Investigation (FBI), we withheld information pursuant to Privacy Act exemption (j)(2) and FOIA exemption (b)(7)(E). Exemption (j)(2) allows for withholding information maintained by an agency or agency component whose main function pertains to enforcing criminal laws. Exemption (b)(7)(E) protects information that "would disclose techniques and procedures for law enforcement investigations or prosecutions or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law."

You may appeal the FBI's (j)(2), (b)(7)(E) redactions directly to the Department of Justice by submitting a written request to the Office of Information Policy, Sixth Floor, 441 G Street, NW. Washington, DC 20530-0001, or you may submit an appeal through OIP's eFOIA portal at https://www.justice.gov/oip/submit-and-track-request-or-appeal. Your appeal must be received by OIP within ninety (90) days from the date of this letter to be considered timely. The envelope and letter should be marked "Freedom of Information Appeal."

We are unable to provide a copy of the Investigators' notes. Your request was submitted after DCSA's retention period for this information. Therefore, any notes pertaining to your investigation were destroyed and are not available for release.

You also may seek dispute resolution services from the FOIA Public Liaison via e-mail at dcsa.quantico.hq.mbx.foia@mail.mil, or by calling (878) 274-4411. Alternatively, the Office of Government Information Services (OGIS) was created to offer mediation services to resolve disputes between FOIA requesters and federal agencies as a non-exclusive alternative to litigation. You may contact OGIS in any of the following ways or refer to their website: https://www.archives.gov/ogis."

U.S. National Archives and Records Administration          Phone: 202-741-5770
Office of Government Information Services                   Toll-Free: 1-877-684-6448
8601 Adelphi Road - OGIS                                   Fax: 202-741-5769
College Park, MD 20740-6001                                Email: ogis@nara.gov

If you have any questions regarding this response, contact the Freedom of Information and Privacy office at 878-274-1185 and reference tracking number DCSA-B 25-11871.

Sincerely,

Stephen A Chytil
Government Information Specialist

Enclosure:
As Stated

2

Reference tracking #: DCSA-B 25-11871

# Freedom of Information Act Appeal Letter

Mick Rocher
8825 Lazy river loop Apt 4-310
New Port Richey, Fl, 34655
rmick0540@gmail.com
(303)-548-0608

August 25, 2025

Office of Information Policy
Department of Justice
Sixth Floor, 441 G Street, NW
Washington, DC 20530-0001

Subject: Freedom of Information Act Appeal

Dear Office of Information Policy,

I am writing to appeal the response from the Defense Counterintelligence and Security Agency (DCSA) and the Federal Bureau of Investigation (FBI) regarding my Freedom of Information Act (FOIA) and Privacy Act request, submitted to the DCSA Freedom of Information/Privacy (FOI/P) Office for Investigations. The request sought all records pertaining to my background investigation, including but not limited to the SF86, investigation summaries, adjudication records, and any other documents associated with my security clearance or background investigation. I received an interim response on June 17, 2025, and a subsequent response indicating that certain information was withheld under Privacy Act exemption (j)(2) and FOIA exemption (b)(7)(E), and that investigators' notes were destroyed due to DCSA's retention period.

I respectfully challenge the application of exemptions (j)(2) and (b)(7)(E) and request a review of the decision to withhold information. My arguments are as follows:

1. **Challenge to Privacy Act Exemption (j)(2):**
   The FBI withheld information under Privacy Act exemption (j)(2), which applies to records maintained by an agency primarily engaged in enforcing criminal laws. However, my request pertains to records related to my background investigation for a security clearance, which is administrative in nature and not directly tied to criminal law enforcement. The records, including my SF86 and related documents, are personal to me and maintained under my name, making them subject to disclosure under the Privacy Act. I request that the Office of Information Policy review whether exemption (j)(2) was appropriately applied and release any non-exempt information that pertains to my background investigation.

2. **Challenge to FOIA Exemption (b)(7)(E):**
   The FBI also withheld information under FOIA exemption (b)(7)(E), which protects law enforcement techniques, procedures, or guidelines if disclosure could risk circumvention of the law. The records I requested, such as investigation summaries and adjudication records, relate to a routine background investigation for a security clearance, not to law enforcement investigations or prosecutions. It is unclear how the release of these records would reveal sensitive techniques or procedures that could reasonably be expected to risk circumvention of the law. I request a detailed justification for the application of this exemption or the release of the withheld information if the exemption is found to be misapplied.

3. **Request for Segregability Review:**
   Under FOIA, agencies are required to release any reasonably segregable portion of a record after withholding exempt portions. I request that the Office of Information Policy ensure that all non-exempt portions of the records have been properly identified and released, particularly any factual or administrative information in my background investigation file that does not meet the criteria for exemptions (j)(2) or (b)(7)(E).

4. **Unavailability of Investigators' Notes:**
   The response indicated that investigators' notes were destroyed due to DCSA's retention period. While I understand that these records may no longer be available, I request confirmation that all other responsive records, including those held by the DCSA FOI/P Office for Adjudications, have been thoroughly searched and provided, or that any withheld portions are appropriately justified under applicable exemptions.

I respectfully request that the Office of Information Policy review the DCSA and FBI's response to my FOIA request, overturn the application of exemptions (j)(2) and (b)(7)(E) where inappropriate, and release all non-exempt records or portions thereof. If any information remains withheld, I request a detailed explanation of the specific exemptions applied to each withheld portion.

Please process this appeal in accordance with the 90-day timeline specified in the response letter. You may contact me at (303)-548-0608 or rmick0540@gmial.com if additional information is needed. Thank you for your attention to this matter.

Respectfully,

Mick Rocher

8-26-25



**U.S. Department of Justice**
Office of Information Policy
*Sixth Floor*
*441 G Street, NW*
*Washington, DC 20530-0001*

*Telephone: (202) 514-3642*

**August 27, 2025**

Mick Rocher

rmick0540@gmail.com

Dear Mick Rocher:

    This is to advise you that the Office of Information Policy of the U.S. Department of Justice received your administrative appeal from the action of the Federal Bureau of Investigation regarding Request No. DCSA-B 25-11871 on 08/27/2025.

    In an attempt to afford each appellant equal and impartial treatment, OIP has adopted a general practice of assigning appeals in the approximate order of receipt. Your appeal has been assigned number A-2025-02528. Please refer to this number in any future communication with OIP regarding this matter. Please note that if you provided an email address or another electronic means of communication with your request or appeal, this Office may respond to your appeal electronically even if you submitted your appeal to this Office via regular U.S. Mail.

    We will notify you of the decision on your appeal as soon as we can. If you have any questions about the status of your appeal, you may contact me at 202-514-3642. If you have submitted your appeal through Freedom of Information Act STAR, you may also check the status of your appeal by logging into your account.

Sincerely,

*Priscilla Jones*

Priscilla Jones
Supervisory Administrative Specialist



U.S. Department of Justice
Office of Information Policy
*Sixth Floor*
*441 G Street, NW*
*Washington, DC 20530-0001*

*Telephone: (202) 514-3642*

Mick Rocher

Re:    Appeal No. A-2025-02528

Request No. DCSA-B 25-11871

rmick0540@gmail.com

**VIA:  Email - 9/9/2025**

Dear Mick Rocher:

You appealed from the action of the Defense Counterintelligence and Security Agency (DCSA) on your Freedom of Information Act (FOIA) request for access to certain records concerning your background investigation.  I note that your appeal is limited to certain withholdings made by DCSA, acting on behalf of the Federal Bureau of Investigation.*

After carefully considering your appeal, I am affirming DCSA's action on these withholdings.  This Office has determined that the records responsive to your request to DCSA that could potentially contain FBI information are exempt from the access provision of the Privacy Act.  See 5 U.S.C. § 552a(j)(2); see also 28 C.F.R. § 16.96 (2024).  For this reason, your appeal has been reviewed under the FOIA.  The FOIA provides for disclosure of many agency records.  At the same time, Congress included in the FOIA nine exemptions from disclosure that provide protection for important interests such as personal privacy, privileged communications, and certain law enforcement activities.

Acting on behalf of the FBI, DCSA properly withheld certain information because it is protected from disclosure under the FOIA pursuant to 5 U.S.C. § 552(b)(7)(E), and it is reasonably foreseeable that disclosure of this information would harm the interests protected by this provision.  This provision concerns records or information compiled for law enforcement purposes the release of which would disclose techniques and procedures for law enforcement investigations or prosecutions.  Please be advised that you should not take this response as confirmation that DCSA maintains any FBI records pertaining to you.  Rather, DCSA's response is a standard response issued to all individuals about whom DCSA may have contacted the FBI as part of its background investigation, regardless of whether the FBI actually had records on such individuals.

Please be advised that this Office's decision was made only after a full review of this matter. Your appeal was assigned to an attorney with this Office who thoroughly reviewed and analyzed your appeal, your underlying request, and the action of DCSA, acting on behalf of the FBI, in response to your request.

If you are dissatisfied with my action on your appeal, the FOIA permits you to file a lawsuit in federal district court in accordance with 5 U.S.C. § 552(a)(4)(B).

For your information, the Office of Government Information Services (OGIS) offers mediation services to resolve disputes between FOIA requesters and Federal agencies as a non-exclusive alternative to litigation. Using OGIS services does not affect your right to pursue litigation. The contact information for OGIS is as follows: Office of Government Information Services, National Archives and Records Administration, Room 2510, 8601 Adelphi Road, College Park, Maryland 20740-6001; email at ogis@nara.gov; telephone at 202-741-5770; toll-free at 1-877-684-6448; or facsimile at 202-741-5769. If you have any questions regarding the action this Office has taken on your appeal, you may contact this Office and speak with the undersigned agency official by calling 202-514-3642.

Sincerely,

Jillian Warzynski
Jillian Warzynski

Associate Chief, for Christina Troiani, Chief,
Administrative Appeals Staff

*To the extent that you are attempting to appeal the adequacy of DCSA's search for responsive records, you may wish to contact the FOIA office of DCSA directly. That Office will be happy to further assist you with this matter.