OCT 13 2026 PM2:41
FILED - USDC - FLMD - TPA

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

MICK ROCHER,
Plaintiff,
v.
U.S. DEPARTMENT OF JUSTICE and
DEFENSE COUNTERINTELLIGENCE AND SECURITY AGENCY (DCSA),
Defendants.

**Civil Action No. 8:26-cv-00836-SDM-LSG**

# PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND SUPPORTING MEMORANDUM OF LAW

## TABLE OF CONTENTS

I. INTRODUCTION

II. STANDARD OF REVIEW

III. ARGUMENT

- A. The Hanzel Declaration's Assertion That No Administrative Appeal Was Filed Is Contradicted by the Record
- B. DCSA Has Not Carried Its Burden to Justify Privacy Act Exemption (j)(2)
- C. DCSA Has Not Carried Its Burden to Justify FOIA Exemption (b)(7)(E)
- D. DCSA Failed to Demonstrate That No Reasonably Segregable Non-Exempt Material Exists

IV. CONCLUSION AND RELIEF REQUESTED

## I. INTRODUCTION

This is a Freedom of Information Act and Privacy Act case about a single withheld record and a government declaration that is contradicted by the government's own files.

Plaintiff Mick Rocher requested his background investigation and adjudication records from the Defense Counterintelligence and Security Agency ("DCSA"). DCSA, acting on behalf of the Federal Bureau of Investigation, withheld one item — identified in the administrative record only by the code "C01 — FBIN" — citing Privacy Act exemption (j)(2) and FOIA exemption (b)(7)(E). The entirety of DCSA's justification for that withholding, across the complete certified administrative record, consists of that code and the phrase "per FBI." No Vaughn index, no document-specific explanation, and no segregability analysis appears anywhere in the record.

Plaintiff timely appealed. Within forty-eight hours of DCSA's determination, Plaintiff mailed and separately emailed a written appeal to the Department of Justice's Office of Information Policy ("OIP"), which acknowledged receipt in writing, assigned the appeal a case number, had it reviewed by an attorney, and issued a written decision on the merits — all a matter of record before this Court since March 26, 2026, when Plaintiff's original Complaint was filed with these very documents attached.

Notwithstanding that record, Defendants' Administrative Record includes a declaration stating, under penalty of perjury, that DCSA has no record that Plaintiff ever filed an administrative appeal. That statement is not merely mistaken — it is directly contradicted by documents Defendants' own co-agency generated, and by documents that have sat in this Court's docket for months before the declaration was executed.

This motion asks the Court to resolve two related but independent questions on summary judgment. First, whether the record permits Defendants to rely on that declaration's assertion regarding Plaintiff's administrative appeal — it does not, because the assertion is affirmatively controverted by contrary evidence in the record, including Defendants' own filings. Second,

whether Defendants have carried their burden to justify withholding the sole item in the administrative record under Exemptions (j)(2) and (b)(7)(E), and to show that no reasonably segregable non-exempt material exists — they have not, because the record contains nothing more than an unexplained code and a boilerplate citation to the FBI.

Because no genuine dispute of material fact remains as to either question, and because Defendants bear the burden of justifying the withholding at issue, Plaintiff respectfully submits that summary judgment should be granted in his favor for the reasons set forth below.

## II. STANDARD OF REVIEW

This action is governed by two independent statutory review provisions, both of which call for de novo judicial review, with the burden of justifying any withholding placed on the agency.

Under FOIA, "the court shall determine the matter de novo, and may examine the contents of such agency records in camera to determine whether such records or any part thereof shall be withheld," and "the burden is on the agency to sustain its action." 5 U.S.C. § 552(a)(4)(B). Under the Privacy Act, review of a denial of access is likewise de novo, with the burden on the agency to justify its action if it relies on a general exemption such as § 552a(j). 5 U.S.C. § 552a(g)(3)(A).

The Eleventh Circuit reviews a district court's disposition of a FOIA case on summary judgment de novo, applying the same standard the district court applies. Jimenez v. Dep't of Homeland Sec., No. 23-10073, 2024 WL 4487974, slip op. at 6–7 (11th Cir. Oct. 15, 2024) (Hull, J.) (citing Miccosukee Tribe of Indians of Fla. v. United States, 516 F.3d 1235, 1243 (11th Cir. 2008)); Times Publ'g Co. v. United States Dep't of Commerce, 236 F.3d 1286, 1289 (11th Cir. 2001) ("We review the district court's grant of summary judgment de novo."). Because FOIA and

Privacy Act cases are ordinarily and appropriately resolved on the papers rather than at trial, the propriety of Defendants' withholding is squarely presented for this Court's determination on summary judgment. Sikes v. U.S. Dep't of Navy, 896 F.3d 1227, 1239 (11th Cir. 2018).

The agency bears the burden to demonstrate that its records search was adequate and that it properly withheld information. 5 U.S.C. § 552(a)(4)(B); Miccosukee Tribe of Indians of Fla. v. United States, 516 F.3d 1235, 1248, 1258 (11th Cir. 2008); Broward Bulldog, Inc. v. U.S. Dep't of Just., 939 F.3d 1164, 1175 (11th Cir. 2019). An agency may carry that burden through declarations, so long as they provide an adequate factual basis for the district court to render a decision — whether through affidavits, a Vaughn index, in camera review, or a combination of these methods. Miccosukee Tribe, 516 F.3d at 1258–59. Declarations "of responsible officials" must be "relatively detailed, nonconclusory, and submitted in good faith." Broward Bulldog, 939 F.3d at 1176 (quotation marks omitted).

Under Federal Rule of Civil Procedure 56(a), summary judgment is warranted where there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." A factual dispute is "genuine" only if the evidence is such that a reasonable factfinder could resolve it in favor of the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Because the material facts underlying Plaintiff's claims — the contents of the administrative record, the timing and disposition of Plaintiff's administrative appeal, and the absence of any segregability analysis — are established by the government's own filings and are not genuinely disputable, this action is properly resolved on summary judgment.

Underlying all of these standards is FOIA's central purpose: to open agency action to public scrutiny by favoring disclosure over secrecy, subject only to the statute's specifically enumerated

and narrowly construed exemptions. See Dep't of the Air Force v. Rose, 425 U.S. 352, 361 (1976) ("[T]hese limited exemptions do not obscure the basic policy that disclosure, not secrecy, is the dominant objective of the Act."). Because Defendants bear the burden of justifying every withholding at issue, and because that burden is assessed de novo on this record, Plaintiff respectfully submits that summary judgment in his favor is warranted for the reasons set forth in Section III below.

## III. ARGUMENT

### *A. The Hanzel Declaration's Assertion That No Administrative Appeal Was Filed Is Contradicted by the Record*

In support of their Administrative Record, Defendants submitted the Declaration of Christina F. Hanzel. Decl. of Christina F. Hanzel ¶ 10, ¶ 14, ECF No. 21-1 [hereinafter "Hanzel Decl."]. The Hanzel Declaration states, under penalty of perjury, that the Defense Counterintelligence and Security Agency ("DCSA") has no record that Plaintiff filed an administrative appeal from either (1) the August 25, 2025 determination letter issued by DCSA's Freedom of Information/Privacy Office for Investigations ("FOI/P Boyers"), Tracking No. DCSA-B 25-11871, or (2) the September 24, 2025 determination letter issued by DCSA's Freedom of Information/Privacy Office for Adjudications ("FOI/P Meade"). Hanzel Decl. ¶¶ 10, 14; see also ECF No. 1 at PageID 3–4 (Aug. 25, 2025 Letter from S. Chytil, DCSA, to M. Rocher, filed as part of Plaintiff's original Complaint on March 26, 2026).

This motion addresses only the Boyers/FBI portion of the Hanzel Declaration (¶ 10) and seeks no relief concerning the Meade/AVS portion (¶ 14). The September 24, 2025 Meade/AVS determination, Tracking No. DCSA-M 25-12490, reported that a search of Adjudication and Vetting Services (AVS) records found no records responsive to Plaintiff's request — not a

withholding under an exemption — and required any appeal to be directed to DCSA's own FOIA Appellate Authority, a different channel than the OIP appeal used for Boyers. Plaintiff did not separately appeal that determination through that channel. Rather than rely on an unresolved exhaustion theory as to that portion of his request, Plaintiff has submitted a new request to DCSA's Adjudication and Vetting Services and reserves the Meade/AVS issue for separate resolution, whether through that new request or otherwise, outside the scope of this motion. Accordingly, this motion does not assert that Plaintiff appealed the Meade determination, and does not challenge, and takes no position on, the Hanzel Declaration as to that portion.

DCSA's own August 25, 2025 letter directed Plaintiff to appeal any FBI-related withholding to the U.S. Department of Justice's Office of Information Policy ("OIP") — not to DCSA itself — within ninety (90) days. ECF No. 3-1 at PageID 20. This matters because it identifies the office whose action determines whether Plaintiff exhausted his administrative remedies as to the Boyers/FBI determination: OIP, not DCSA's own internal files.

Plaintiff timely and, in fact, promptly did so, through two independent channels:

First, on August 26, 2025 — one day after the letter's issuance — Plaintiff mailed a written appeal by U.S. Postal Service Certified Mail, Tracking No. 9589 0710 5270 3014 4268 18, addressed to OIP at 441 G Street, NW, Washington, DC 20530, the exact address specified in DCSA's letter. See ECF No. 3-1 at PageID 22–23 (Appeal Letter, dated Aug. 25, 2025, signed and dated Aug. 26, 2025, referencing Tracking No. DCSA-B 25-11871); Pl. Ex. A (USPS Certified Mail Receipt, PS Form 3800, bearing an official postmark reading "AUG 26 2025" and addressed to "441 G Street[,] N.W.[,] Washington, DC 20530").

Second, the following day, on August 27, 2025, Plaintiff sent the identical appeal by electronic mail to both DCSA's FOIA office and OIP's FOIA office simultaneously, referencing the DCSA tracking number in the subject line, and attaching, among other things, a copy of the August 25, 2025 DCSA letter and the postmarked certified mail receipt described above. See Pl. Ex. B (Email from M. Rocher to dcsa.foia@mail.mil & DOJ.OIP.FOIA@usdoj.gov (Aug. 27, 2025, 10:38 EDT), Subject: "FOIA/Privacy Act Appeal for DCSA-B 25-11871," with attachment).

That this appeal was in fact received by OIP on that same day is confirmed not by Plaintiff's own records, but by OIP's own contemporaneous correspondence. By letter dated August 27, 2025, OIP advised Plaintiff: "This is to advise you that the Office of Information Policy of the U.S. Department of Justice received your administrative appeal from the action of the Federal Bureau of Investigation regarding Request No. DCSA-B 25-11871 on 08/27/2025." ECF No. 3-1 at PageID 24. That same letter assigned the matter Appeal No. A-2025-02528 and explained that, because Plaintiff had provided an email address, OIP "may respond to your appeal electronically even if you submitted your appeal to this Office via regular U.S. Mail" — squarely accounting for Plaintiff's dual mail-and-email submission. Id.

OIP subsequently issued a written decision on the merits. On September 9, 2025, after the matter was "assigned to an attorney with [OIP] who thoroughly reviewed and analyzed [the] appeal, [the] underlying request, and the action of DCSA," OIP affirmed DCSA's withholding under Privacy Act exemption (j)(2) and FOIA exemption (b)(7)(E). ECF No. 3-1 at PageID 25–26 (Letter from J. Warzynski, Associate Chief, Administrative Appeals Staff, OIP, to M. Rocher, Re: Appeal No. A-2025-02528, dated Sept. 9, 2025). This record establishes exhaustion as a matter of law: because DCSA's own letter directed the appeal to OIP, and OIP received, acknowledged, and substantively decided it, Plaintiff exhausted his administrative remedies as to

the Boyers/FBI determination, whatever DCSA's own internal files separately reflect. See 5 U.S.C. § 552(a)(6)(C) (administrative appeal as the mechanism for exhaustion).

The record also bears on the reliability of the narrower statement in the Hanzel Declaration — that DCSA's own files contain no record of an appeal. Plaintiff's August 27, 2025 appeal was not sent to OIP alone: it was transmitted the same day, in the same message, directly to DCSA's own FOIA office at dcsa.foia@mail.mil. Pl. Ex. B. A declaration stating that DCSA has no record of an appeal it was directly emailed raises a genuine question about the completeness of whatever search that declaration describes, even though it does not, by itself, conclusively establish what DCSA's specific internal tracking system contains.

Critically, none of this is a post-hoc reconstruction offered for the first time in response to the Hanzel Declaration. Every document above — the DCSA letter, the appeal letter, OIP's acknowledgment, and OIP's decision — was embedded directly in Plaintiff's original Complaint, ECF No. 1, filed March 26, 2026, at PageID 3–9. The same documents were filed again as ECF No. 3-1, the exhibit packet attached to Plaintiff's operative Amended Complaint (ECF No. 3), on April 7, 2026, and that Amended Complaint likewise pleaded these same facts in its own text — the August 26, 2025 appeal date, Appeal No. A-2025-02528, and the September 9, 2025 OIP decision date. Am. Compl. ¶¶ 9–10, ECF No. 3. The existence, timing, and disposition of this administrative appeal has therefore been a matter of record before this Court, in Defendants' own case file, since March 26, 2026 — over five months before the Hanzel Declaration was executed on August 31, 2026.

***The Presumption of Good Faith Does Not Survive Contrary Record Evidence***

In a published decision binding on this Court, agency declarations submitted in FOIA litigation are "entitled to a presumption of good faith," rebuttable only "with evidence of bad faith" — "[m]ere speculation… is not enough to rebut the presumption." Jimenez v. Dep't of Homeland Sec., No. 23-10073, 2024 WL 4487974, slip op. at 8–9 (11th Cir. Oct. 15, 2024) (Hull, J.) (published) (citing SafeCard Servs., Inc. v. SEC, 926 F.2d 1197, 1200 (D.C. Cir. 1991), among other authority). That presumption, however, is not unconditional: it applies only where declarations are "relatively detailed, nonconclusory, and submitted in good faith." Broward Bulldog, Inc. v. U.S. Dep't of Just., 939 F.3d 1164, 1176 (11th Cir. 2019) (quotation marks omitted); see also Vaughn v. Rosen, 484 F.2d 820, 826–28 (D.C. Cir. 1973) (agency justifications for withholding must be sufficiently detailed and specific to permit meaningful adversarial testing, rather than accepted on faith).

That same decision illustrates what does, and does not, defeat the presumption: distinguishing between mere inconsistency, which does not, and affirmative contrary evidence, which does. In Jimenez itself, the Eleventh Circuit held that evidence an agency inconsistently redacted the same document, standing alone, does not show bad faith — particularly where the redactions were made years apart, by different officials, or where the agency explains the inconsistency and corrects its errors. Jimenez, slip op. at 15.

This case does not present mere speculation or a generalized disagreement over the adequacy of a search. As to exhaustion, the record leaves no genuine dispute: OIP's own contemporaneous correspondence (ECF No. 3-1 at PageID 24–26) and Plaintiff's own operative Amended Complaint (ECF No. 3 ¶¶ 9–10) — both on file with this Court for over five months before the Hanzel Declaration was executed — establish that Plaintiff appealed to the office DCSA's own letter designated, and that OIP received and decided that appeal. As to the narrower question of

what DCSA's own files separately reflect, the direct email notice to DCSA's FOIA office is not dispositive, but it is affirmative record evidence — not mere inconsistency or speculation — that calls the completeness of that declaration's underlying search into genuine question.

Two conclusions follow, and they rest on different showings. First, and most directly: because DCSA's own August 25, 2025 letter designated OIP as the office to which any appeal must be directed, and because the uncontroverted record establishes that OIP received, acknowledged, and substantively decided Plaintiff's timely appeal, Plaintiff has exhausted his administrative remedies as to that determination as a matter of law. 5 U.S.C. § 552(a)(6)(C). This conclusion does not depend on resolving what Hanzel Decl. ¶ 10 says about DCSA's own files; it follows from OIP's own actions, which Defendants do not and cannot dispute. Second, and separately: the direct, contemporaneous email notice to DCSA's own FOIA office — sent the same day as the OIP appeal — is affirmative record evidence, not mere speculation or inconsistency, that calls into genuine question whether the search underlying Hanzel Decl. ¶ 10 was adequate. Under the standard the Eleventh Circuit set out in Jimenez and Broward Bulldog, this is the kind of contrary evidence a court may weigh in assessing the reliability of that portion of the declaration, even where it does not by itself compel disregarding it outright. See Fed. R. Civ. P. 56(c)(4). Either conclusion independently clears the way for this Court to reach the merits of Defendants' withholding, addressed in Sections III.B through III.D below.

***B. DCSA Has Not Carried Its Burden to Justify Privacy Act Exemption (j)(2)***

The agency bears the burden of justifying any withholding under the Privacy Act and FOIA; review is de novo. 5 U.S.C. § 552(a)(4)(B); 5 U.S.C. § 552a(g)(3)(A).

DCSA withheld the sole item in the administrative record — designated "C01 — FBIN" in the case-closing transmittal — under Privacy Act exemption (j)(2), stating only that the withholding was made "on behalf of the Federal Bureau of Investigation" and citing 5 U.S.C. § 552a(j)(2) and 28 C.F.R. § 16.96. ECF No. 21-2 at PageID 98; ECF No. 3-1 at PageID 25 (OIP Decision, citing same). Exemption (j)(2) permits an agency to exempt a system of records from the Privacy Act's access provisions only where the agency's principal function is criminal law enforcement, and only where the agency has done so by properly promulgated regulation identifying the specific system of records. 5 U.S.C. § 552a(j)(2).

The administrative record does not identify which FBI system of records the withheld item falls within, nor does it explain how the specific information at issue — a single, unexplained code — falls within the scope of any such properly exempted system. The record's sole support for the exemption is the citation to 28 C.F.R. § 16.96 and the phrase "per FBI," without further elaboration. This is precisely the kind of conclusory, unparticularized invocation of an exemption that fails to permit meaningful review. See Vaughn v. Rosen, 484 F.2d 820, 826–28 (D.C. Cir. 1973).

Privacy Act exemption (j)(2) operates at the system-of-records level: once an agency has, by properly promulgated rule, exempted a specific, identified system of records, that exemption can apply categorically to records within that system. See Martinez v. Bureau of Prisons, 444 F.3d 620, 624 (D.C. Cir. 2006) (Bureau of Prisons' Inmate Central Records System exempted by rule from certain Privacy Act provisions). But that structure requires the agency to identify which system of records is at issue and to show the withheld item falls within it — categorical treatment is not a substitute for that showing. DOJ's own Office of Information Policy underscored this gap on appeal, characterizing DCSA's response not as one tailored to Plaintiff's

specific record, but as "a standard response issued to all individuals about whom DCSA may have contacted the FBI as part of its background investigation, regardless of whether the FBI actually had records on such individuals." ECF No. 3-1 at PageID 25. A response administered without regard to whether responsive records even exist is difficult to reconcile with the system-specific showing (j)(2) requires.

At minimum, this record does not permit the Court to determine whether exemption (j)(2) was properly invoked as to this specific item. Summary judgment for Plaintiff is warranted on this basis, or, in the alternative, the Court should require DCSA to submit a proper Vaughn index or supporting declaration sufficient to permit review, and/or conduct in camera inspection of the withheld material. Congress separately provided that neither statute's exemptions can substitute for a failure to establish the other: an agency "shall not rely on any exemption contained in [FOIA] to withhold from an individual any record which is otherwise accessible to such individual" under the Privacy Act, and shall not rely on any Privacy Act exemption to withhold a record otherwise accessible under FOIA. 5 U.S.C. § 552a(t)(1)–(2). As DOJ's own Office of Information Policy has explained, "an individual's Privacy Act record can only be withheld from them when both Privacy Act and FOIA exemptions apply." U.S. Dep't of Justice, Office of Info. Policy, OIP Guidance: The Interface Between the FOIA and the Privacy Act. Because Plaintiff brings both a FOIA claim and a Privacy Act claim as to this item, see Am. Compl. Counts I–II, ECF No. 3, Defendants must independently establish exemption (j)(2) on its own terms; the FOIA exemption addressed in Section III.C below cannot compensate for a failure to do so.

***C. DCSA Has Not Carried Its Burden to Justify FOIA Exemption (b)(7)(E)***

To withhold information under Exemption 7(E), an agency must establish: (1) that the record was compiled for law enforcement purposes; (2) that the information would disclose techniques,

procedures, or guidelines for law enforcement investigations or prosecutions; and (3) that disclosure could reasonably be expected to risk circumvention of the law. 5 U.S.C. § 552(b)(7)(E); PHE, Inc. v. DOJ, 983 F.2d 248, 250 (D.C. Cir. 1993) (agency "must establish that releasing the withheld material would risk circumvention of the law"). The agency must also satisfy the reasonably-foreseeable-harm requirement added by the FOIA Improvement Act of 2016. 5 U.S.C. § 552(a)(8)(A)(i)(I).

DCSA's stated justification for withholding the sole item at issue does no more than recite the statutory language of Exemption (b)(7)(E) itself — that disclosure "would disclose techniques and procedures for law enforcement investigations or prosecutions... if such disclosure could reasonably be expected to risk circumvention of the law." ECF No. 21-2 at PageID 92; ECF No. 3-1 at PageID 20. Nowhere does the record explain what specific technique or procedure is at risk, why the particular item withheld would reveal it, or how disclosure of this item — which the record itself does not confirm even exists in substance — could realistically enable circumvention of any law. A generic recitation of the exemption's statutory text, without more, is insufficient to carry the agency's burden. See PHE, Inc. v. DOJ, 983 F.2d 248, 250 (D.C. Cir. 1993).

The categorical nature of the response further undermines the foreseeable-harm showing as to this item specifically. OIP's own decision states that DCSA's response "is a standard response issued to all individuals... regardless of whether the FBI actually had records on such individuals." ECF No. 3-1 at PageID 25. Defendants have not explained how a response issued without regard to whether records exist nonetheless supports a particularized finding that disclosure of this item would risk circumvention of the law; the record simply does not address that tension. This description also resembles an unacknowledged Glomar response — a refusal to

confirm or deny whether responsive records exist at all. See generally Phillippi v. CIA, 546 F.2d 1009 (D.C. Cir. 1976). An agency may decline to confirm or deny the existence of responsive records only upon a particularized showing that acknowledgment itself would cause the harm the exemption protects against, stating "as much detail as is possible the basis for its claim that it can be required neither to confirm nor deny the existence of the requested records." Ely v. FBI, 781 F.2d 1487, 1493 (11th Cir. 1986) (citation omitted); see also id. at 1489–90 (the burden is "squarely on the government to prove that the information in question is covered by one of the exemptions," and the court, not the agency, is the ultimate arbiter of the claimed privilege). DCSA never expressly invoked a Glomar response or attempted the particularized showing Ely requires. If its practice of responding "regardless of whether the FBI actually had records" is, in substance, a refusal to confirm or deny, it fails that requirement; if it is not a Glomar response, then DCSA's own description of that practice undercuts any claim that disclosure of this specific item would cause the harm Exemption (b)(7)(E) protects against. Either way, the record does not permit the Court to find the required foreseeable harm. Nor does the record contain any indication that DCSA considered whether any portion of the withheld item was reasonably segregable and releasable, as FOIA independently requires. 5 U.S.C. § 552(b).

For these reasons, DCSA has not carried its burden to justify withholding under Exemption (b)(7)(E) as to the sole item in the administrative record. Summary judgment for Plaintiff is warranted, or, in the alternative, the Court should require a proper Vaughn index and/or conduct in camera review.

***D. DCSA Failed to Demonstrate That No Reasonably Segregable Non-Exempt Material Exists***

FOIA independently requires that "[a]ny reasonably segregable portion of a record shall be provided to any person requesting such record after deletion of the portions which are exempt." 5

U.S.C. § 552(b). This obligation applies regardless of whether an exemption is otherwise properly invoked. The agency bears the burden of demonstrating that no reasonably segregable information exists; conclusory assertions do not suffice, though a Vaughn index is not the only permissible means of making that showing — an adequate declaration, in camera review, or a combination of methods can suffice. Miccosukee Tribe of Indians of Fla. v. United States, 516 F.3d 1235, 1258–59 (11th Cir. 2008); Miscavige v. IRS, 2 F.3d 366, 368 (11th Cir. 1993) (a Vaughn index is not always required). What the agency may not do is withhold material without any segregability showing at all: a district court that simply approves the withholding of an entire document without entering a finding on segregability, or the lack thereof, errs. Krikorian v. Dep't of State, 984 F.2d 461, 466–67 (D.C. Cir. 1993); Mead Data Cent., Inc. v. United States Dep't of the Air Force, 566 F.2d 242, 260–61 (D.C. Cir. 1977). An agency "cannot justify withholding an entire document simply by showing that it contains some exempt material" — the focus of FOIA "is information, not documents." Schiller v. NLRB, 964 F.2d 1205, 1209 (D.C. Cir. 1992) (quoting Mead Data Central).

Here, the administrative record contains no segregability analysis of any kind. The case-closing transmittal marks the withheld item with result code "L" and cites the exemptions relied upon, but nowhere states what proportion of the underlying information is exempt, how any exempt and non-exempt material is dispersed within the item, or why no portion could be disclosed. See ECF No. 21-2 at PageID 98. Neither the Hanzel Declaration nor any other portion of the record supplies this missing analysis. See ECF No. 21-1.

Because the record contains no express segregability finding and no supporting justification for withholding the item in full, DCSA has not met its burden under 5 U.S.C. § 552(b), independent of whether Exemptions (j)(2) or (b)(7)(E) were otherwise properly invoked. This provides an

independent basis for relief: an order compelling production of any reasonably segregable non-exempt portions, or, at minimum, a requirement that DCSA supply the segregability analysis FOIA requires before the withholding can be sustained.

## IV. CONCLUSION AND RELIEF REQUESTED

For the foregoing reasons, Plaintiff respectfully submits that no genuine dispute of material fact remains as to the matters addressed in this motion, and that Plaintiff is entitled to judgment as a matter of law.

First, the record conclusively establishes that Plaintiff timely filed, and the Department of Justice's Office of Information Policy received and substantively decided, an administrative appeal from DCSA's August 25, 2025 determination — directly contradicting the Declaration of Christina F. Hanzel, ECF No. 21-1 ¶ 10 (the Boyers/FBI portion), submitted in support of Defendants' Administrative Record.

Second, Defendants have not carried their burden to justify withholding the sole item identified in the administrative record under Privacy Act exemption (j)(2) or FOIA exemption (b)(7)(E). The record's only support for either exemption is a single, unexplained code and the phrase "per FBI," which does not permit meaningful review under Vaughn v. Rosen, 484 F.2d 820 (D.C. Cir. 1973), and its progeny.

Third, and independently, Defendants have failed to demonstrate that no reasonably segregable non-exempt material exists within the withheld item, as FOIA independently requires regardless of whether either exemption was otherwise properly invoked.

Accordingly, Plaintiff respectfully requests that this Court:

**A.** Grant summary judgment in Plaintiff's favor;

**B.** Declare that Defendants' withholding of the item identified in the administrative record as "C01 — FBIN" was not justified under 5 U.S.C. § 552a(j)(2) or 5 U.S.C. § 552(b)(7)(E) on the present record;

**C.** Order Defendants to disclose the withheld item in full, or, in the alternative, to disclose all reasonably segregable non-exempt portions of it and to provide a proper Vaughn index or supporting declaration justifying any continued withholding;

**D.** In the alternative to (B) and (C), order Defendants to submit the withheld item for in camera review by this Court;

**E.** Award Plaintiff his costs incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E) and 5 U.S.C. § 552a(g)(3)(B); and

**F.** Grant such other and further relief as this Court deems just and proper.

Respectfully submitted,

Mick Rocher, Pro Se
8825 Lazy River Loop, Apt 4-310
New Port Richey, FL 34655
rmick0540@gmail.com
(303) 548-0608

---

**CERTIFICATE OF SERVICE**

I hereby certify that on October 7, 2026, I caused the original of this document to be mailed to the Clerk of Court, United States District Court, Middle District of Florida, Tampa Division, Sam M. Gibbons United States Courthouse, 801 North Florida Avenue, Tampa, FL 33602. I further certify that on the same date, I caused a true and correct copy to be served by depositing it in the United States Mail, postage prepaid, addressed to: Mamie V. Wise, Assistant United States Attorney, Lead Counsel for Defendants, 400 North Tampa Street, Suite 3200, Tampa, Florida 33602.

Mick Rocher, Pro Se